IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE TATUM and VINCE BRACCILI,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| **THOMAS E. MURRAY, III and** | : | |
| **PROGRESSIVE INSURANCE CO.,** | : | |
| | : | |
| *Defendants.* | : | NO.  24-cv-02086 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                           **JULY 1, 2024**

      Plaintiffs Julie Tatum and Vince Braccili brought this action in the Delaware County Court of Common Pleas against Progressive Insurance Co. ("Progressive") and Thomas E. Murray, III, an insurance adjuster at Progressive. Plaintiffs bring claims against Progressive of bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count I), breach of contract/good faith and fair dealing (Count II), violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Counts III and IV), negligence (Counts VI and VII), and loss of consortium (Count IX). Plaintiffs also bring claims against Murray for violation of the UTPCPL (Count V), negligence (Count VIII), and loss of consortium (Count IX). Defendants removed the case to federal court, stating that Murray was fraudulently joined in order to defeat diversity jurisdiction. Plaintiffs now move to remand the case to the Delaware County Court of Common Pleas, contending that Murray was properly joined and this Court therefore lacks subject matter jurisdiction. Defendants opposed the motion.

1

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court writes for the benefit of the parties, who are presumed to be familiar with the case. Relevant here, Plaintiffs allege that Murray and Progressive mishandled an insurance claim filed by Tatum. Tatum was injured in a motor vehicle collision in which negligence by the tortfeasor was uncontested. ECF No. 1 at ¶75. The tortfeasor was underinsured, and Plaintiffs had underinsured motorists ("UIM") coverage. *Id.* Plaintiffs then sued Progressive to receive their UIM benefits. *Id.* at ¶76. Plaintiffs claim that Murray continually refused to evaluate that claim even as he told Plaintiffs that his investigation was ongoing. *Id.* at ¶77. Plaintiffs sent medical records to Murray and Progressive, and Murray withheld those records from Progressive's expert (who did not examine Tatum). *Id.* at ¶77-78. Murray also allegedly directed Progressive's expert to change his report to say that Tatum's injuries predated the collision and that she did not require any further medical treatment. *Id.* at ¶78. Plaintiffs also allege that Murray knowingly undervalued the claim in order to force Plaintiffs to go to trial and spend money on expert testimony. *Id.* at ¶79. Plaintiffs ultimately went to trial on the UIM claim and were awarded a verdict of $125,000, which was molded to $45,000 per the terms of the policy, in addition to $2,278.49 in delay damages from Progressive. *Id.* at ¶84.

This action seeks damages against Murray and Progressive for mishandling Plaintiffs' UIM claim. Plaintiffs filed the complaint in the Delaware County Court of Common Pleas on April 15, 2024. *Id.* at ¶238. Plaintiffs are both citizens of Pennsylvania. *Id.* at ¶71. Defendant Progressive is an Ohio corporation with its principal place of business in Ohio. *Id.* at 2. Defendant Murray is alleged to be a citizen of Pennsylvania. *Id.* Defendants filed a Notice of Removal, notwithstanding the lack of complete diversity between the parties. *See generally*, ECF No. 1. Defendants claim that Murray was fraudulent joined in order to defeat diversity jurisdiction, and therefore the Court may disregard his citizenship. *Id.* at 3. Plaintiffs filed a motion to remand, arguing that Murray

was properly joined, and thus the Court lacks subject matter jurisdiction. ECF No. 6. This motion is fully briefed and ripe for review.

## II.     STANDARD OF REVIEW

This Court must remand any action if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). A defendant can only remove a case to federal court based on diversity of citizenship if every plaintiff's state citizenship is different from every defendant's citizenship. *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). The parties in this case are not completely diverse, and therefore the Court only has jurisdiction if a defendant was fraudulently joined, that is, "joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

The defendants alleging fraudulent joinder bear a "heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action," then the case must be remanded. *Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851–52). To prevail, the defendants must show that there is "no reasonable basis in fact or colorable ground supporting the claim against the joint defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *Briscoe*, 448 F.3d at 217). The removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). "A district court must resolve all contested issues of substantive fact . . . [and] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Fraudulent joinder is "reserved for situations where recovery from the nondiverse defendant is a clear legal

3

impossibility." *Salley v. AMERCO*, No. 13-cv-921, 2013 WL 3557014, at *3 (E.D. Pa. July 15, 2013).

The standard for assessing fraudulent joinder is more relaxed than that of a motion to dismiss. *Batoff*, 977 F.2d at 852. Therefore, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id.* "A court need only find that one claim is colorable against the non-diverse defendant to remand the action." *Horne v. Progressive Advanced Ins. Co.*, No. 15-1029, 2015 WL 1875970, at *1 (E.D. Pa. Apr. 24, 2015).

If a joinder is found to be fraudulent, "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Filippello v. Transamerica Premier Life Ins. Co.*, No. 17-cv-5743, 2018 WL 451639, at *3 (E.D. Pa. Jan. 16, 2018) (quoting *Briscoe*, 448 F.3d at 216).

### III. DISCUSSION

#### a. UTPCPL

Defendants argue that *Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540 (Pa. Super. Ct. 2020) held that the UTPCPL only applies to the sale of insurance policies and does not extend to the "handling of an insurance claim," thereby precluding claims that only relate to post-formation conduct. ECF No. 10 at 2-3. In support, they cite to numerous cases that were dismissed at the motion to dismiss or summary judgment stage for that very reason. *Id.* They also contend that any cases decided before *Wenk* are inapposite. *Id.*

4

Plaintiffs respond that *Wenk* was decided as a post-trial appeal instead of a motion to remand, and that the misconduct in *Wenk* was milder than that which Plaintiff alleges in this case. ECF No. 11 at 2-7.

*Wenk* provides a clear statement of law that UTPCPL claims apply only to the "**sale** of an insurance policy, [and] does not apply to the **handling** of insurance claims." 228 A.3d at 550 (emphasis in original) (citation omitted). The trial court in *Wenk* elaborated that "decisional law of this [c]ourt and Pennsylvania state and federal jurisdiction conclud[ed] that [UTPCPL] claims are not amenable to claims which are, in substance, principally assertions of inappropriate claims handling by insurance companies, because claims handling is not a consumer transaction of the nature intended to be protected under the [UTPCPL]." *Id.* Pennsylvania's Superior Court affirmed that explanation, holding that "the UTPCPL applies to consumer transactions, which are statutorily defined; the handling of an insurance claim does not meet the statutory definition." *Id.* at 551. Plaintiffs' Complaint inarguably only contains allegations pertaining to post-sale claims handling conduct, without any references to the sale of the insurance policy. Faced with a clear statement of state law, Plaintiffs cannot make a colorable UTPCPL claim that is premised on the handling of a claim rather than the sale of an insurance policy.

As Defendants point out, nearly all the cases cited by Plaintiffs in support of their position were decided prior to *Wenk*. *See* ECF No. 6 at 4-8. Although Plaintiff did cite a small number of cases post-dating *Wenk*, these cases improperly ignored and distinguished *Wenk*. For example, *Fulciniti v. State Farm Fire and Cas. Co.*, No. 23-cv-1349, 2023 WL 4763996, at *3 (E.D. Pa. July 26, 2023) does not reference *Wenk* at all, and itself only cites cases decided prior to *Wenk* for the proposition that a UTPCPL claim is viable for claims handling. *Winner v. Progressive Advanced. Ins. Co.*, No. 23-cv-1273, 2023 WL 8283176, at *3-*4 (E.D. Pa. Nov. 30, 2023) does

reference *Wenk* but dismisses it on the ground that it arose at a later stage of litigation than a motion to remand. Regardless of the phase of litigation, *Wenk* is clear that a UTPCPL claim brought for claims-handling conduct is simply non-viable as it does not meet the statutory definition. 228 A.3d at 551. This is true regardless of the phase of litigation at which the case occurs. Here, Plaintiffs only brought claims related to claims-handling, not the sale of the insurance policy, placing their claim outside the ambit of the UTPCPL on any standard of review. Moreover, when faced with a clear statement of decisional state law in *Wenk*, the *Winner* court curiously rebuts the state appellate court decision with citations to federal district court decisions that were all decided prior to *Wenk*. *Winner*, 2023 WL 8283176, at *3. Those latter decisions do not overrule *Wenk*. The *Mohanan* court similarly erred, citing *Wenk* as part of a collection of cases holding that the "the UTPCPL does not apply to the handling of insurance claims," and only citing to pre-*Wenk* district court decisions for the converse proposition. *Mohanan v. Liberty Mut. Pers. Ins. Co.*, No. 22-cv-2956, 2023 WL 8026106, at *4 (E.D. Pa. Nov. 20, 2023).

Finally, Plaintiffs misperceive the reasoning in *Starkey v. Nationwide Prop. and Cas. Ins. Co.*, No. 21-cv-653, 2021 WL 3080146, at *3 (W.D. Pa. July 21, 2021). There, the court stated that the UTPCPL claim was colorable because "[t]he Complaint describes both pre-and post-contract formation conduct." *Id.* Plaintiffs take this sentence to mean that *either* pre or post contract formation conduct could give rise to a UTPCPL claim. *See* ECF No. 11 at 4-5. However, the accurate reading of the decision is that the complaint states a colorable UTPCPL claim because it pleads the required pre-formation conduct *in addition to* post-formation conduct; post-formation conduct alone would have been insufficient. *See Starkey*, 2021 WL 3080146, at *3.

The only reasoning in favor of Plaintiff's position comes from federal district court cases decided prior to a clear statement of law resolving the issue in Defendants' favor. Therefore, this

6

Court does not see a "possibility that a *state* court would find that the complaint states a cause of action" under the UTPCPL. *Boyer*, 913 F.2d at 111 (emphasis added).

### b. Negligence

Defendants also argue that Plaintiffs have not made a colorable negligence claim against Murray, since Pennsylvania law does not allow an insured to bring a claim against an insurance adjuster where the duty arises from a contract, and Murray did not have any general social duty toward Plaintiffs that would allow for tort liability. *See* ECF No. 10 at 3-7. They further argue that Murray had no contractual relationship with Plaintiffs, and thus had no duty of care. *Id.* Finally, Defendants assert that any tort claim would be barred by the gist of the action doctrine, since Plaintiffs' claims are truly contract claims. *Id.* at 5-6. Plaintiffs cannot make a colorable negligence claim both because the insurance adjusters had no duty toward them, and because their tort claim is barred by the gist of the action doctrine.

Pennsylvania courts permit insureds to sue their insurers for the actions of their insurers' agents, including adjusters. *See, e.g.*, *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 70 (Pa. 2014). Pennsylvania courts also recognize that individual insurance adjusters "owe a duty of performance to their principals, the insurance companies." *Bleday v. OUM Grp.*, 645 A.2d 1358, 1363 (Pa. Super. Ct. 1994) (citing *Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa. 1972)). With the lines of responsibility flowing from adjuster to insurer, and insurer to insured, insureds can obtain a complete recovery from their insurers. Allowing insureds to sue adjusters directly would "create a potential for double recovery as well as conflicting loyalties," and would be fundamentally incompatible with existing Pennsylvania law. *Tippet v. Ameriprise Ins. Co.*, No. 14-cv-4710, 2015 WL 1345442, at *5 n.9 (E.D. Pa. Mar. 25, 2015). As a result, "Pennsylvania law does not recognize a duty owed by an insurer's independent appraiser to the insured." *DeAngelis*

7

*v. Encompass Home & Auto Ins. Co.*, No. 21-cv-2577, 2022 WL 118222, at *5 (E.D. Pa. Jan. 12, 2022).

Even if a court were to find a duty of the adjuster toward the insured, Plaintiffs' negligence claim arises directly from its breach of contract claim and is therefore barred by the gist of the action doctrine. The doctrine "precludes the recasting of ordinary breach of contract claims as tort claims." *Battle Born Munitions Inc. v. Dicks Sporting Goods Inc.*, No. 22-cv-1005, 2023 WL 4758449, at *3 (3d Cir. July 26, 2023). "The gist of the action doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. Ct. 2007) (citation omitted). "There is an implied promise in every insurance policy that the insurer will exercise reasonable care in investigating a claim," so any assertion that the adjuster did not act in good faith in handling the claim will be addressed in the breach of contract claim and is therefore not actionable as a tort. *Ke v. Liberty Mut. Ins. Co.*, No. 20-cv-1591, 2020 WL 7353892, at *8 (quoting *Diamon v. Penn Mut. Fire Ins. Co.*, 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977)). Even where the insurer "improperly provid[es] a dishonest defense," the insurer has not pushed outside the bounds of the contract and reached a tort. *Westport Ins. Corp. v. McGogney*, No. 22-cv-2431, 2023 WL 5598972, at *3 (E.D. Pa. Aug. 29, 2023); *see also Ke*, 2020 WL 7353892, at *8 (failure to "settle in good faith with a reasonable amount of money" is not a proper tort claim) (internal citation and quotation marks omitted).

Each of the claims in this case fall precisely within the ambit of Plaintiffs' contract with Progressive. In *Bruno*, the "general social duty" arose directly from the "physical harm" that the

insurer caused through its false assurances. 106 A.3d at 71. Without any "broader social duty existing outside the contract," the negligence claim is barred by the gist of the action doctrine and Plaintiff does not have a colorable claim that Defendant can be liable in tort. *See Simon v. First Liberty Ins. Corp.*, 225 F. Supp. 3d 319, 325 (E.D. Pa. 2016).[1]

Since all claims against Murray – the non-diverse defendant – are "wholly insubstantial," *Batoff*, 977 F.2d at 852, he is fraudulently joined and will be dismissed from the action without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Filipello*, 2018 WL 451639, at *3 (citing *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d Cir. 2013)).

## IV. CONCLUSION

For the foregoing reasons, this Court retains jurisdiction over this action, Plaintiffs' Motion to Remand is **DENIED**. All claims against Murray are **DISMISSED,** and he will be terminated as a defendant. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**

---

[1] Loss of consortium is a derivative claim and "depend[s] for its viability upon the substantive merit of the injured party's claims." *Auboug v. Eyre Bus Serv., Inc.*, No. 20-cv-389, 2021 WL 5910481, at *9 (W.D. Pa. Dec. 14, 2021) (citing *Schroder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc.*, 557 A.2d 21, 22 (Pa. Super. Ct. 1989)). Without a colorable negligence or UTPCPL claim against Murray, Plaintiffs cannot bring a loss of consortium claim against Murray.