IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE TATUM and VINCE BRACCILI,** *Plaintiffs,* | : : : | CIVIL ACTION |
| v. | : : : | |
| **PROGRESSIVE INSURANCE CO.,** *Defendant.* | : : : : | NO.  24-cv-02086 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                             **JULY 12, 2024**

Plaintiffs filed a nine-count Complaint against Progressive Specialty Insurance Co.[1] ("Progressive") and one of its adjusters, Thomas Murray III. Following a motion to remand the case to state court, this Court ruled that the claims against Murray were not colorable, and dismissed Murray as a Defendant (*see* ECF No. 14). The instant motion requests that the Court dismiss Counts II[2] (breach of contract/good faith and fair dealing), III and IV (Pennsylvania's Unfair Trade Practices and Consumer Protection Law), V and VI (negligence), and IX (loss of consortium).[3] The motion is briefed and ripe for review.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court writes for the benefit of the parties, who are presumed to be familiar with the case. Relevant here, Plaintiffs allege that Murray and Progressive mishandled an insurance claim

---

[1] Although the case was filed against Progressive Insurance Co., Defendant states in its motion to dismiss that it is properly identified as Progressive Specialty Insurance Co. *See* ECF No. 12 at 1.
[2] Defendant does not move to dismiss Count I (statutory bad faith). *See* ECF No. 12.
[3] Because Defendant filed its motion to dismiss while Murray was still a Defendant, the motion includes counts that are pleaded against Murray as well as Progressive, which have since been dismissed.

1

filed by Tatum. Tatum was injured in a motor vehicle collision in which negligence by the tortfeasor was uncontested. ECF No. 1 at 175. The tortfeasor was underinsured, and Plaintiffs had underinsured motorists ("UIM") coverage. *Id*. Plaintiffs then sued Progressive to receive their UIM benefits. *Id*. at 176. Plaintiffs claim that Murray continually refused to evaluate that claim even as he told Plaintiffs that his investigation was ongoing. *Id*. at 177. Plaintiffs sent medical records to Murray and Progressive, and Murray withheld those records from Progressive's expert (who did not examine Tatum). *Id*. at 177-78. Murray also allegedly directed Progressive's expert to change his report to say that Tatum's injuries predated the collision and that she did not require any further medical treatment. *Id*. at 178. Plaintiffs also allege that Murray knowingly undervalued the claim in order to force Plaintiffs to go to trial and spend money on expert testimony. *Id*. at 179. Plaintiffs ultimately went to trial on the UIM claim and were awarded a verdict of $125,000, which was molded to $45,000 per the terms of the policy, in addition to $2,278.49 in delay damages from Progressive. *Id*. at 184.

This action sought damages against Murray and Progressive for mishandling Plaintiffs' UIM claim. Plaintiffs filed the complaint in the Delaware County Court of Common Pleas on April 15, 2024. *Id*. at 238. Defendants filed a Notice of Removal, notwithstanding the lack of complete diversity between the parties (Plaintiffs and Murray were all Pennsylvania citizens). *See generally* ECF No. 1. Defendants claimed that Murray was fraudulently joined in order to defeat diversity jurisdiction, and therefore the Court may disregard his citizenship. *Id*. at 3. Plaintiffs filed a motion to remand, arguing that Murray was properly joined and thus the Court lacks subject matter jurisdiction. ECF No. 6. The Court denied the Motion to Remand, ruling that Plaintiffs had no colorable claims against Murray and he was fraudulently joined, thereby terminating Murray from the case. *See* ECF No. 14. Before that ruling was filed, Progressive and Murray filed the instant

motion to dismiss all but one of the claims against them (ECF No. 12), to which Plaintiffs responded (ECF No. 13).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). To plead a facially plausible claim, the plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true the factual allegations contained in the complaint but disregards rote recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

## III. DISCUSSION

### a. Breach of Contractual Good Faith and Fair Dealing

Plaintiffs bring a claim for breach of contractual good faith and fair dealing, which is a separate cause of action from statutory bad faith (Defendant does not seek to dismiss the statutory bad faith claim in this motion). *See* ECF No. 1; *see also Aquila v. Nationwide Mut. Ins. Co.*, No. 07-cv-2696, 2008 WL 5348137, at *5 n.7 (E.D. Pa. Dec. 15, 2008) (explaining that when a plaintiff is seeking compensatory damages "we construe them to assert a common law breach of contract action," whereas a plaintiff seeking punitive damages or attorneys' fees is construed to be making a statutory bad faith claim). Defendant responds that since Plaintiff has already been paid the full policy limits, there can be no breach of contract.

A party asserting a breach of contract claim under Pennsylvania law must demonstrate "(1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). "In Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F.Supp.2d 404, 408 (W.D. Pa. 2011) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1144 (Pa. Super. Ct. 2006)).

Generally, Defendant is correct that when an insurance company has paid the proceeds of an insurance policy, there can be no breach of contract claim because the insured has received what was due under the policy and therefore has no damages. *See Fitzpatrick v. State Farm Ins. Co.*, No. 09–1498, 2010 WL 2103954, at *2–3 (W.D. Pa. May 25, 2010). However, when a party sues for damages stemming from an insurer's bad faith in handling a claim, plaintiffs may seek damages over and above those made pursuant to the insurance policy and therefore may not be remedied by such payment. *See Birth Ctr. v. St. Paul Cos. Inc.*, 787 A.2d 376, 385 (Pa. 2001); *see also Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 523 (W.D. Pa. 2012) ("under Pennsylvania law, the resolution of Plaintiff's uninsured motorist claim pursuant to the terms of Plaintiff[']s insurance contract does not prevent Plaintiff from bringing a breach of contract action against [the insurer] that is premised on [the insurer's] alleged bad faith in handling the claim."). Acknowledging this, the Supreme Court of Pennsylvania has held that "where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its contractual duty to act in good faith" and is liable for "the known and/or foreseeable compensatory damages of its insured that reasonably flow from the insurer's bad faith conduct." *DeWalt v. Ohio Cas. Ins. Co.*, 513 F. Supp. 2d 287, 292 (E.D. Pa. 2007) (quoting *Birth Ctr.*, 787 A.2d at 389).

4

Plaintiffs have pleaded that as a direct result of Defendant's failure to handle the claim in good faith, they incurred "severe emotional distress and economic hardship, including jeopardy to their credit, loss of healthcare benefits, inability to pay bills, [and] inability to take out loans." ECF No. 1 ¶ 91; *see also id.* ¶ 125 (describing losses including "the specter of bankruptcy, difficulty paying mortgage, relying on credits cards they were unable to pay, inability to refinance their mortgage, borrowing money from family, [and] derivative damages resulting from drop in credits scores."). Therefore, Plaintiffs have pleaded compensatory damages that arose above and beyond the terms of the insurance contract due to Defendant's alleged bad faith. *See Smith*, 904 F. Supp. 2d at 523 (denying a motion for summary judgment for emotional distress claims arising from contractual bad faith); *see also Phan-Kramer v. Am. States Ins. Co.*, No. 23-cv-01867, 2024 WL 2237731, at *3 (E.D. Pa. Apr. 9, 2024) ("A breach of the implied duty of good faith may cause extra-contractual damages such as suffering for emotional distress"); *Amitia v. Nationwide Mut. Ins. Co.*, No. 08-cv-335, 2009 WL 111578, at *3 (M.D. Pa. Jan. 15, 2009) (denying motion to dismiss contractual bad faith claim where plaintiffs sought "recovery for emotional distress, which may be recoverable.").

Here, Plaintiffs are not seeking the insurance proceeds themselves, but rather damages for losses suffered due to Defendant's alleged failure to settle the claim in good faith. Similarly, where plaintiffs sought "interest on the claim or monies they allegedly would have had available to them if [the insurer] complied with its duty to act in good faith," a court in this circuit denied a motion to dismiss, explaining that plaintiffs had "alleged damages stemming from [the insurer's] performance of its duty under the Policy over and above payment of the proceeds." *See Fitzpatrick*, 2010 WL 2103954, at *4. The Court agrees with the reasoning laid out in these decisions and will deny the motion to dismiss the breach of contract claim.

### b.  UTPCPL

Plaintiffs' UTPCPL claim against Progressive is dismissed for many of the same reasons discussed in the Court's opinion on Plaintiff's Motion to Remand. *See* ECF No. 14 at 4-7.

*Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540 (Pa. Super. Ct. 2020) held that UTPCPL claims apply only to the "**sale** of an insurance policy, [and] does not apply to the **handling** of insurance claims." 228 A.3d at 550 (emphasis in original) (citation omitted). The trial court in *Wenk* elaborated that "decisional law of this [c]ourt and Pennsylvania state and federal jurisdiction conclud[ed] that [UTPCPL] claims are not amenable to claims which are, in substance, principally assertions of inappropriate claims handling by insurance companies, because claims handling is not a consumer transaction of the nature intended to be protected under the [UTPCPL]." *Id.* Pennsylvania's Superior Court affirmed that explanation, holding that "the UTPCPL applies to consumer transactions, which are statutorily defined; the handling of an insurance claim does not meet the statutory definition." *Id.* at 551. Numerous federal district court cases decided since *Wenk* have re-affirmed that plaintiffs cannot bring UTPCPL claims for claims-handling. *See, e.g.*, *Cooper v. Liberty Mut. Gen. Ins. Co.*, No. 22-cv-618, 2022 WL 1121040, at *5 (E.D. Pa. Apr. 14, 2022) (dismissing UTPCPL claim that "relate[s] only to [insurer's] handling of Plaintiffs' insurance claims, not to the sale of the policy"); *see also Moravia Motorcycle, Inc. v. Allstate Ins. Co.*, No. 21-cv-1274, 2022 WL 623374, at *4 (W.D. Pa. Mar. 3, 2022) (same where "Plaintiffs' allegations relate to [insurer's] handling of the claim, not the purchase of the policy or other pre-formation conduct.").

Plaintiffs' Complaint inarguably only contains allegations pertaining to post-sale claims handling conduct, without any references to the sale of the insurance policy. *See* ECF No. 1 ¶ 22 et. seq. Therefore, Plaintiffs have not stated a UTPCPL claim.

### c. Negligence

Plaintiffs' negligence claim against Defendant will be dismissed since it arises directly from its breach of contract claim and is therefore barred by the gist of the action doctrine, as discussed in the Court's memorandum on Plaintiff's Motion to Remand. *See* ECF No. 14 at 8-9. That doctrine "precludes the recasting of ordinary breach of contract claims as tort claims." *Battle Born Munitions Inc. v. Dicks Sporting Goods Inc.*, No. 22-cv-1005, 2023 WL 4758449, at *3 (3d Cir. July 26, 2023). "The gist of the action doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. Ct. 2007).

"There is an implied promise in every insurance policy that the insurer will exercise reasonable care in investigating a claim," so any assertion that the insurer did not act in good faith in handling the claim will be addressed in the breach of contract claim and is therefore not actionable as a tort. *Ke v. Liberty Mut. Ins. Co.*, No. 20-cv-1591, 2020 WL 7353892, at *8 (E.D. Pa. Dec. 14, 2020) (citing *Diamon v. Penn Mut. Fire Ins. Co.*, 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977)). Even where the insurer "improperly provid[es] a dishonest defense," the insurer has not pushed outside the bounds of the contract and reached a tort. *Westport Ins. Corp. v. McGogney*, No. 22-cv-2431, 2023 WL 5598972, at *3 (E.D. Pa. Aug. 29, 2023); *see also Ke*, 2020 WL 7353892, at *8 (holding that failure to "settle in good faith with a reasonable amount of money" is not a proper tort claim). Each of the claims in this case fall precisely within the ambit of Plaintiffs' contract with Progressive. In *Bruno*, the "general social duty" arose directly from the "physical harm" that the insurer caused through its false assurances. *Bruno v. Erie Ins. Co.*, 106

7

A.3d 48, 71 (Pa. 2014). Without any "broader social duty existing outside the contract," the negligence claim is barred by the gist of the action doctrine and Plaintiff does not state a claim that Defendant can be liable in tort. *See Simon v. First Liberty Ins. Corp.*, 225 F. Supp. 3d 319, 325 (E.D. Pa. 2016).

### d. Loss of Consortium

A loss of consortium claim is "derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities." *Darr Constr. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1080 (Pa. 1998). The claim "depend[s] for its viability upon the substantive merit of the injured party's claims." *Auboug v. Eyre Bus Serv., Inc.*, No. 20-cv-389, 2021 WL 5910481, at *9 (W.D. Pa. Dec. 14, 2021) (citing *Schroder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc.*, 557 A.2d 21, 22 (Pa. Super. Ct. 1989)). "Pecuniary loss alone will not justify a loss of consortium claim," but claims can survive a motion to dismiss if they allege emotional injury. *Pahle v. Colebrookdale Tp.* 227 F. Supp. 2d 361, 380 (E.D. Pa. 2002); *see also Fanelle v. Lojack Corp.*, No. 99-cv-4292, 2000 WL 1801270, at *13 n.18 (E.D. Pa. Dec. 7, 2000) (stating that the injury in a loss of consortium claim "may be emotional *or* physical") (citing *Dugan v. Bell Tel. of Pa.*, 876 F. Supp. 713, 728 (W.D. Pa. 1994)). Plaintiffs have alleged that Tatum suffered "severe emotional distress" stemming directly from Defendant's alleged bad faith conduct, which is not merely a pecuniary loss. ECF No. 1 ¶ 90. Therefore, Plaintiffs may retain their derivative loss of consortium claim under their bad faith claim.[4] *See Echevarria v. Unitrin*

---

[4] Defendant maintains that "this Court decided that there [was] no colorable claim[] for . . . loss of consortium" (ECF No. 16 at 3). In fact, the Court's opinion on the motion to remand stated that "Plaintiffs cannot bring a loss of consortium claim *against Murray*." ECF No. 14 at 9 n.1 (emphasis added). The opinion left open the possibility that a derivative loss of consortium claim could properly be pleaded against Progressive.

*Direct Ins. Co.*, No. 02-cv-8384, 2003 WL 22271486, at *4 (E.D. Pa. Mar. 17, 2003) (holding that plaintiff's loss of consortium claim was derivative of her statutory bad faith claim).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** as to Counts III, IV, V, and VI, and **DENIED** as to Counts II and IX. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**